UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
––––––––––––––––––––––––––––––––––––––––––––x

BETANCOURT PROPERTIES MANAGEMENT
CORP.
and RENEWAL ARTS REALTY CORP.,                          CASE NO. 07-cv-11047 (TPG)

                        Plaintiffs,

        -against-

SIMPLEX GRINNELL LP a/k/a and/or d/b/a
SIMPLEX GRINNELL or TYCO/FIRE &
SECURITY/SIMPLEXGRINNELL,

                        Defendants.
––––––––––––––––––––––––––––––––––––––––––––x

## DEFENDANT SIMPLEXGRINNELL LP'S COUNTERCLAIMS AGAINST PLAINTIFFS BETANCOURT PROPERTIES MANAGEMENT CORP. AND RENEWAL ARTS REALTY CORP.

AS AND FOR A COUNTERCLAIM against Plaintiffs Betancourt Properties Management Corp. and Renewal Arts Realty Corp. (collectively "Betancourt"), Defendant SimplexGrinnell LP ("SimplexGrinnell") alleges and states as follows:

### JURISDICTION

1.    Jurisdiction over SimplexGrinnell's counterclaims is conferred by 28 U.S.C. § 1332 (diversity of citizenship) and by Rule 13(a) of the Federal Rules of Civil Procedure respecting the filing of counterclaims.

### BACKGROUND

2.    In May 2007, Betancourt retained SimplexGrinnell to test and inspect a fire safety system at the Bronx, New York location made subject of this suit.    The system had been

previously engineered and installed by a local engineer and electrical contractor, respectively, and not SimplexGrinnell. That the system was improperly designed to Nassau County fire code requirements which greatly differ from New York City requirements.

3.    The original test and inspect contract amounted to $4,032.00, plus tax, and involved sending two technicians to the building to evaluate the existing system. SimplexGrinnell did, in fact, perform the contracted evaluation and informed Betancourt that there were numerous deficiencies, thereafter proposing a contract to modify the plans to be submitted for approval to the local building department. This contract, amounting to $9,568.00, was agreed to and signed, and SimplexGrinnell began work in fulfillment thereof.

4.    At approximately the same time, Betancourt agreed to a maintenance agreement ("PMA") for five years at an annual cost of $10,500.00.

5.    On July 3, 2007, Betancourt sent a letter to SimplexGrinnell purporting to cancel all of its agreements with SimplexGrinnell. To date, nothing has been paid for the services rendered in good faith, and in a good and workmanlike manner, by SimplexGrinnell.

## COUNT I – BREACH OF CONTRACT

6.    SimplexGrinnell repeats and re-alleges each and every allegation contained in Paragraphs 1 through 5 of this Counterclaim as if more fully set forth at length herein.

7.    Clearly, agreements (signed contracts) were made between Betancourt and SimplexGrinnell, supported by valid and sufficient consideration; SimplexGrinnell has performed all, or portions of, the contracts in question, and is ready, willing, and able to perform those portions of the contracts not yet performed; Betancourt's breach of these contracts has prevented SimplexGrinnell from further performing under the contracts in question; and SimplexGrinnell has suffered monetary damages as a result of Betancourt's breaches.

8.      Pursuant to the terms and conditions of the aforementioned contracts, SimplexGrinnell seeks payment in full for each, interest on the amounts due and owing at the rate set out in the terms and conditions or at the maximum legal rate (whichever is greater), and its attorneys' fees incurred with respect to the collection thereof.

## COUNT II – UNJUST ENRICHMENT

9.      SimplexGrinnell repeats and re-alleges each and every allegation contained in Paragraphs 1 through 8 of this Counterclaim as if more fully set forth at length herein.

10.     SimplexGrinnell, through its work to date, has conferred a measurable benefit upon Betancourt. Betancourt is, without question, aware of the benefit it has received. Finally, Betancourt has accepted and retained the benefits of SimplexGrinnell's work under circumstances which make such acceptance and retention of such benefits inequitable.

11.     SimplexGrinnell fully performed its contract with Betancourt to test and inspect the fire protection system at 800 East 138th Street, Bronx, New York, and issued a full report to Betancourt regarding the results of same. To date, no payment has been forthcoming in reference to such services. As such, Betancourt has been unjustly enriched and should be ordered to pay the contracted value of such services to SimplexGrinnell, along with any interest and attorneys' fees accrued to date pursuant to the terms and conditions of the aforementioned contract.

## COUNT III – QUANTUM MERUIT

12.      SimplexGrinnell repeats and re-alleges each and every allegation contained in Paragraphs 1 through 11 of this Counterclaim as if more fully set forth at length herein.

13.      SimplexGrinnell, through its work in evaluating Betancourt's existing fire safety system and preparing a report regarding same, and through its work in developing a plan to bring the fire safety system up to New York City Code, conferred a measurable benefit upon Betancourt.   Betancourt accepted these services with the expectation that it would be compensating SimplexGrinnell for same.   Further, SimplexGrinnell provided these services with the expectation that it would be compensated by Betancourt for them.   Such compensation has not, to date, been forthcoming.

14.      Based on the foregoing, SimplexGrinnell is entitled to compensation for its work in quantum meruit.

**WHEREFORE**, Defendant/Counterclaim Plaintiff seeks the damages set forth above, along with legal interest and attorneys' fees as set forth above, along with any other damages the Court may deem appropriate.

Dated: White Plains, New York
      January 11, 2008

GOLDBERG SEGALLA LLP

By:_____
      Michael D. Shalhoub, Esq.  (MS-2879)
      Suzin L. Raso, Esq.  (SR-5426)
      GOLDBERG SEGALLA, LLP
      170 Hamilton Avenue, Suite 203
      White Plains, New York 10601-1717
      (914) 798-5400

      *Attorneys for Defendant*
      *SimplexGrinnell LP.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2008 I electronically filed the foregoing Counterclaims with the Clerk of the US District for the Southern District of New York, using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

> Brian M. Limmer, Esq.
> 114 Old Country Road
> Suite 460
> Mineola, New York 11501

In addition, Plaintiff's counsel, Brian M. Limmer, Esq., was mailed a copy of the foregoing Counterclaims via US Mail on this the 11th day of January 2008.

By:_____
Michael D. Shalhoub, Esq.  (MS-2879)
Suzin L. Raso, Esq.  (SR-5426)
GOLDBERG SEGALLA, LLP
170 Hamilton Avenue, Suite 203
White Plains, New York 10601-1717
(914) 798-5400

*Attorneys for Defendant*
*SimplexGrinnell LP.*