```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
BETANCOURT PROPERTIES MANAGEMENT CORP.
and RENEWAL ARTS REALTY CORP.,
                                        DECLARATION IN
                                        OPPOSITION TO MOTION
                                        TO DISMISS AND IN
                                        SUPPORT OF CROSS-MOTION
              Plaintiffs,               CASE NO. 07-cv-11047(TPG)


              -against-


SIMPLEX GRINNELL LP a/k/a and/or d/b/a
SIMPLEX GRINNELL or TYCO/FIRE &
SECURITY/SIMPLEX GRINNELL,


              Defendants.
------------------------------------X
```

Brian M. Limmer, Esq., an attorney duly admitted to practice law before the State and Federal Courts of New York, affirms and declares the following under the penalty of perjury:

1. That he is the attorney for the Plaintiffs and is submitting this Affirmation in Opposition to the Defendant's Motion to Dismiss the Plaintiffs' Complaint and in support of Plaintiffs' Cross-Motion to amend the Third Cause of Action of Plaintiffs' Complaint with more specific acts of fraud.

2. At the outset, it is quite clear that Plaintiffs' Complaint should not be dismissed by this Court as to their First, Second and Fourth Causes of Action. Respectively, the same pertains to monies paid for disputed materials and/or labor and a clear cut breach of contract case; negligent conduct by the

Defendant giving rise to monetary damages; as well as repudiation of a service contract based upon Defendant's negligent conduct and breach of contract giving rise to anticipatory repudiation and/or the ability for these Plaintiffs to lawfully contest that service agreement and seek declaratory relief.

3. It is respectfully submitted that the monies Plaintiffs paid for work (that was either performed in breach of the contract or negligently) are not consequential damages as alleged by the Defendant. The same is true also for Plaintiffs' claim of anticipatory breach of the service contract. The Defendant is "jumping the gun" with respect to consequential damages since the Plaintiffs have not been requested to date to identify their damages by the Defendant.

4. The Plaintiff's Verified Complaint contains all of the requisite allegations which must be deemed to be true on any motion to dismiss and therefore defeating Defendant's motion. Additionally, please refer to the attached affidavit of Jose Betancourt, President of the Plaintiff corporations, which clearly identifies genuine issues of material fact for trial.

5. Plaintiff's Complaint is clearly delineated. The First Cause of Action which is for Plaintiffs' claim breach of contract and resulting damages. The Second Cause of Action against the Defendant is for negligence with respect to the management, maintenance, supervision and/or control of defendant's business which also caused the Defendant to fail to complete the work.

6. There is nothing in the subject contract to preclude claims as set forth in Plaintiffs' First and Second Causes of Action.

7. Plaintiffs' Fourth Cause of Action seeks to repudiate and void the BETANCOURT PROPERTIES MANAGEMENT CORP. service agreement with Defendant based upon allegations set forth in the First, Second and Third Causes of Action which underlie the anticipatory breach of the aforementioned service agreement thereby rendering it null, void and unenforceable. There is nothing in the subject contract preventing the Plaintiffs from seeking said relief.

8. There is also nothing precluding the Plaintiffs from seeking declaratory relief as requested in their Fourth Cause of Action.

9. With respect to Defendant's claim of what Plaintiffs are going to allege as damages, any argument by Defendant's counsel as to exactly what Plaintiffs shall be seeking is speculative at this time.

10. It is without question that Plaintiffs' Complaint seeks money damages directly related to, and recoverable under, the subject contract. Clearly, the Plaintiffs have placed the Defendant upon notice that money damages are being sought in addition to declaratory relief which is not prohibited by the subject contract.

11. It is readily apparent that a dismissal is not warranted

pursuant to Rule 12(b)(6) as the Plaintiffs' Complaint contains relief that could be granted under any set of facts that could be proved consistent with the allegations. A clear reading of Plaintiffs' Complaint, with the specific allegations of breach of contract and fraud, and seeking monetary damages, set forth facts and/or allegations that could warrant the relief sought by the Plaintiffs. Further, the affidavit of Jose Betancourt supports a denial of Defendant's motion.

12. With respect to Defendant's argument as to the alleged conspiracy, it is respectfully submitted that discovery is still in its infancy stage and Defendant is in possession of all information concerning any other individuals or entities with which it attempted to perform the subject contract for the Plaintiffs. Accordingly, your Affirmant respectfully requests that Defendant's motion be routinely denied as Defendant has information necessary for the Plaintiffs to use in opposition to Defendant's motion.

13. With respect to Defendant's allegations that the Third Cause of Action for fraud must fail, the Plaintiffs presently seek in their Cross-Motion leave to add the following allegations to their Third Cause of Action:

> A. Defendant, its agents, servants and/or employees, throughout the scope of the entire project, made false, misleading and fraudulent representations to Plaintiffs by and through Jose Betancourt, his agents, servants and/or employees, stating that Defendant was performing correctly and timely to accomodate the agreement between the parties; that materials and labor had been expended

    to fabricate the project and/or correct defects when it was not; that Defendant knew or should have known that its representations were false, misleading and fraudulent all in an effort to obtain unwarranted payments of money from the Plaintiffs.

B. The Defendant made the aforesaid representations which were material, false, misleading and which were relied upon by the Plaintiff to the actual and/or potential detriment of the Plaintiff.

C. That the Defendant knew or should have known that the aforesaid representations were false, misleading, material and would be relied upon by the Plaintiff to the actual or potential detriment of the Plaintiff.

14. It is respectfully submitted that the Cross-Motion for leave to Amend the Complaint as set forth above would not result in any prejudice to the Defendant. Discovery is still in its infancy and little has been litigated to date.

15. Regarding consequential damages as arguably defined by the Defendant, it is respectfully submitted that the subject clause set forth in paragraph 5 of the contract is inapposite to the case at bar. Said clause clearly contemplates consequential damages sustained <u>after</u> the fire system has been <u>completed</u> by the Defendant, and not the breach of contract and related damages sought by the Plaintiffs at this time.

16. An example of consequential damages not covered would be a fire system failing and inventory is lost or a building is damaged. Further, since the system was not completed, the system is arguably not considered "covered system" as clearly indicated in the subject disclaimer. Therefore, issues of fact and law also

exist because of Defendant's own ambiguous contractual language.

17. Additionally, the consequential damages disclaimer limitation set forth by Defendant is <u>unconscionable</u>. Said disclaimer completely exonerates Defendant from any and all damages when dealing with a completed covered system; or, as Defendant's counsel argues, even if the system has not been completed and the Defendant has delayed indefinitely in doing the project.

18. It is clearly unconscionable and against public policy for a Defendant/Contractor to so limit its damages and liability in every possible scenario as sought by this Defendant.

19. At the very least, there are issues of material fact in Plaintiffs' First and Second Causes of Action; Third Cause of Action as amended should defeat Defendant's motion as to that claim; and Fourth Cause of Action has not been disputed by Defendant other than to state that this is a breach of contract case rather than an additional claim of negligence. The affidavit of Jose Betancourt annexed hereto also raises genuine issues of material fact.

20. Based upon the above, the Defendant is not entitled to have the Plaintiffs' lawsuit dismissed on any ground of relief set forth in its moving papers. It is also respectfully submitted that the granting of leave to so amend the Third Cause of Action also cures any alleged defects in the Third Cause of Action as set forth by Defendant's counsel.

WHEREFORE, it is respectfully requested that Defendant's motion be denied; that Plaintiffs' Cross-Motion be granted and for such other and further relief as the Court deems just, proper and equitable.

Dated: Mineola, NY
       April 23, 2008

                                        Respectfully Submitted,

BY: _____
    Brian M. Limmer, Esq.(BL5053)
    Attorney for Plaintiffs
    114 Old Country Road
    Suite 460
    Mineola, NY 11501
    (516) 877-8100

To: Michael D. Shalhoub, Esq. (MS-2879)
    Suzin L. Raso, Esq. (SR-5426)
    GOLDBERG SEGALLA, LLP.
    170 Hamilton Avenue, Suite 203
    White Plains, New York 10601-1717