UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――x

BETANCOURT PROPERTIES MANAGEMENT
CORP. and RENEWAL ARTS REALTY CORP.,

        CASE NO. 07-cv-11047 (TPG)

Plaintiffs,

-against-

SIMPLEX GRINNELL LP a/k/a and/or d/b/a      **Honorable Thomas P. Griesa**
SIMPLEX GRINNELL or TYCO/FIRE &
SECURITY/SIMPLEXGRINNELL,

Defendants.
―――――――――――――――――――――――x

### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT SIMPLEXGRINNELL L.P.'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 56

Defendant SimplexGrinnell L.P. ("Defendant" or "SimplexGrinnell") submits this Reply in further support of its Motion to Dismiss, pursuant to Rule 12(b)(6) or, in the alternative, its Motion for Summary Judgment, pursuant to Rule 56, and in Reply to Plaintiffs Betancourt Properties Management Corp. and Renewal Arts Realty Corp.'s (collectively "Plaintiffs") Opposition to Defendant's Motion to Dismiss.

### PLEADING DEFICIENCIES

1.    Plaintiffs have failed to adequately define the nature of damages allegedly suffered, thus failing to set forth a viable cause of action. SimplexGrinnell submits that the underlying basis for this deficiency is due to the intended relief sought, although not defined, within the Complaint. Attached as Exhibit A Plaintiffs' Opposition is correspondence from

Plaintiff, directed to SimplexGrinnell, dated July 3, 2007 ("the July 3rd correspondence"). The entirety of the demand, per Plaintiffs' own exhibit, is that of lost rentals.

## ISSUE OF CONSEQUENTIAL DAMAGES

2. Plaintiffs assert that monies paid for work done by SimplexGrinnell, that were "either performed in breach of the contract or negligently," are not consequential damages. As evidenced by the Counterclaim, Plaintiffs have paid nothing to SimplexGrinnell for any of the work performed by SimplexGrinnell. This fact is further confirmed by the documents filed in support of Plaintiffs' Opposition. In the July 3rd correspondence, Plaintiffs admit to: (1) not paying for the pre-test to determine system conditions; and (2) to not paying for the scope of work to correct a prior system installer's deficiencies. *See* Exhibit A to Plaintiffs' Opposition.

3. Furthermore, the July 3rd correspondence clearly makes a claim for consequential damages. Quite simply, Plaintiffs' own evidence supports the arguments asserted in Defendant's Motion to Dismiss. Moreover, the glaring omission within Plaintiffs' Opposition should not go unnoticed – to wit, Plaintiffs do **not** deny that they are seeking alleged lost rental revenue due to perceived delay, which is clearly a consequential damage and thus barred by the contract entered into between the parties.

4. It should also be noted that the contract at issue was executed on May 30, 2007. Just a little over thirty days later, on July 3, 2007, Plaintiffs' own July 3rd correspondence indicates their intention to terminate the relationship.

5. The simple truth is that the only possible money damages Plaintiffs could have here – from lost rent – are clearly and unequivocally consequential damages, which are plainly barred by contract.

6.      Further, there is no basis in law or in fact for Plaintiffs' contorted definition and limitation of the term as stated in the contract. Mr. Betancourt attempts to now define the disclaimer of consequential damages as "unconscionable," or as not actually applying to the damages he allegedly suffered. Such attempts are disingenuous and, unquestionably, wrong under the applicable law. As the Massachusetts Supreme Judicial Court explains, a court may consider the following factors when determining whether a clause excluding consequential damages is unconscionable: (1) the sophistication of the parties; (2) the plaintiff's clear intent to accept the risk of consequential damages; and (3) the existence of a minimally adequate remedy such as a refund of the contract price. *Agri-Mark, Inc. and Travelers Indemnity v. Niro, Inc.*, 233 F.Supp.2d 200 (D.Mass. 2002). Mr. Betancourt was, and is, a sophisticated businessman who was fully capable of understanding and negotiating any contract terms. He agreed to the terms then existing, without protest. The contract disclaims consequential damages, and that provision is utterly unambiguous. Thus, Plaintiffs' argument as to the "unconscionability" of the clause excluding consequential damages is completely without merit.

## DAMAGES IN GENERAL

7.      In Paragraph 9 of his Declaration submitted in opposition, Plaintiffs' counsel cryptically states as follows: *"With respect to Defendant's claim of what Plaintiffs are going to allege as damages, any argument by Defendant's counsel as to exactly what Plaintiffs shall be seeking is speculative at this time."* This statement presents a problem for Plaintiffs. Counsel begins the sentence by referring to what Plaintiffs are *"going to allege as damages . . ."* If they are "going to allege" something as damages, that means they have not done so at this time and, therefore, all of their claims should be dismissed. Damages are, by their very nature, a prerequisite to any suit. Without damages, the suit cannot stand.

## PLAINTIFFS' CONSPIRACY CLAIMS

8.      In Paragraph 12 of his Declaration, Plaintiffs' counsel asserts that information about whom SimplexGrinnell allegedly conspired with is in Defendant's possession and, therefore, Plaintiffs' claim should not be dismissed pending further discovery.

9.      Before filing a claim for conspiracy, however, Plaintiffs' must have had a good faith belief that there was a reasonable basis for it. *See* FED.R.CIV.P. 11(b). Based on Paragraph 12 of counsel's Declaration, Plaintiffs clearly have no reasonable basis to aver that a conspiracy actually exists, let alone who might be a part of it. As such, Plaintiffs' conspiracy claims should be dismissed in their entirety.

## PLAINTIFFS' NEGLIGENCE-BASED CLAIMS

10.     Undoubtedly, as argued in Defendant's original Memorandum of Law, this is solely a claim for purported economic loss, if any. As such, under Massachusetts law, the economic loss rule applies and any claims based on negligence are barred as a matter of law. Accordingly, Plaintiffs' negligence claims must be dismissed. *FMR Corp. v. Boston Edison Co.*, 613 N.E.2d 902, 903 (Mass. 1993), citing *Garweth Corp. v. Boston Edison Co.*, 613 N.E.2d 92 (Mass. 1993).

## FRAUD-BASED CLAIMS

11.     Despite the efforts of creative draftsmanship by Plaintiffs in an attempt to redefine the relationship between the parties, and regardless of whether as originally plead or as proposed in Plaintiffs' Cross-Motion, this case centers exclusively on a contract, which has been authenticated and submitted as evidence. Plaintiffs have even admitted so within their Opposition: "*It is without question that Plaintiffs' Complaint seeks money damages directly*

*related to, and recoverable under, the subject contract."* See Plaintiffs' Declaration in Opposition to Motion to Dismiss and in Support of Cross-Motion, Paragraph 10. This is a case based upon the rights and obligations of the parties as set forth in the contract. The contract at issue, in pertinent part, states:

> The parties intend this Agreement, together with any attachments or Riders (collectively the "Agreement") to be the final, complete and exclusive expression of their Agreement and the terms and conditions thereof. This Agreement supersedes all prior representations, understandings or agreements between the parties, written or oral, and shall constitute the sole terms and conditions of sale for all equipment and services. No waiver, change, or modification of any terms or conditions of this Agreement shall be binding on Company unless made in writing and signed by an Authorized Representative of the Company.

*See* Contract, annexed as Exhibit "B" to Defendant's original Memorandum of Law, at Paragraph 30.

12. Plaintiffs, through drafting, attempt to redefine the nature of the relationship in an effort to escape the clear, unambiguous and binding contract, voluntarily entered into by the parties.

13. There is no specific pleading alleging a "present intent to deceive" in the formation of this contract. *Sanyo Elec., Inc. v. Pinros & Gar Corp.*, 174 A.D.2d 452, 453 (N.Y.A.D. 1 Dept., 1991). Further, a cause of action for fraud is legally insufficient if, as here, the only fraud charged relates to a purported breach of contract. *Id.* The focal point of Plaintiffs' fraud allegations is the timing and delivery of services which underscore the question of materiality of the timing and delivery of services within the contract. These services cannot be a material term to the contract when such terms were never incorporated into the contract. That which is promised by the contracting parties is established by the clear terms of the contract, and

to afford parol evidence vitiates the underlying principles in contract formation and enforcement. Extrinsic evidence offered by Plaintiffs cannot be used to "vary the plain meaning of" a fully integrated contract. *Colleen Morrissey v. General Motors Corporation*, 21 Fed.Appx. 70, 2001 WL1313753 (C.A.2 (N.Y.)). There simply is no provision to allow Plaintiffs to recover those terms they now seek to interject, which Plaintiffs waived by contract, i.e. consequential damages.

**WHEREFORE**, Defendant SimplexGrinnell LP seeks the dismissal of Plaintiffs' claims, along with any other relief this Honorable Court may deem appropriate.

Dated:  White Plains, New York
April 30, 2008

Respectfully submitted,

By: _____
Michael D. Shalhoub, Esq. (MS – 2879)
Suzin L. Raso, Esq. (SR – 5426)
GOLDBERG SEGALLA, LLP
170 Hamilton Avenue, Suite 203
White Plains, New York 10601-1717
(914) 798-5400

*Attorneys for Defendant*
*SimplexGrinnell LP.*

TO:   Brian M. Limmer, Esq.
114 Old Country Road
Suite 460
Mineola, New York 11501

*Attorneys for Plaintiffs*
*Betancourt Properties Management Corp. and*
*Renewal Arts Realty Corp.*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on the 30th day of April 2008, she caused a true copy of the foregoing Reply Memorandum of Law in Further Support of Defendant SimplexGrinnell L.P.'s Motion to Dismiss Pursuant to Rule 12 (b)(6) or, in the Alternative, Motion for Summary Judgment Pursuant to Rule 56 to be electronically filed with the Clerk of the US District Court for the Southern District of New York using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

    Brian M. Limmer, Esq.
    114 Old Country Road
    Suite 460
    Mineola, New York 11501


Dated: White Plains, New York
       April 30, 2008

                                        SUZIN L. RASO, ESQ. (5426)