UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x
                                          :
BETANCOURT PROPERTIES                     :
MANAGEMENT CORP. and RENEWAL              :
ARTS REALTY CORP.,                        :          07 Civ. 11047 (TPG)
                                          :
                    Plaintiffs,           :          **OPINION**
                                          :
           - against -                    :
                                          :
                                          :
SIMPLEX GRINNELL LP a/k/a and/or          :
d/b/a SIMPLEX GRINNELL or                 :
TYCO/FIRE &                               :
SECURITY/SIMPLEXGRINNELL,                 :
                                          :
                    Defendant.            :
------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/19/09

Plaintiffs Betancourt Properties Management Corp. and Renewal

Arts Realty Corp. (collectively "Betancourt") bring this suit against

defendant Simplex Grinnell LP a/k/a and/or d/b/a Simplex Grinnell or

Tyco/Fire & Security/Simplex Grinnell ("Simplex Grinnell") asserting

claims for breach of contract, fraud, negligence, and anticipatory breach.

This action was commenced in October 2007 in Supreme Court,

Bronx County. Defendant removed the case to this court.

On January 11, 2008, defendant moved to dismiss plaintiffs'

complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

In the alternative, defendant moved for summary judgment pursuant to

Fed. R. Civ. P. 56. Defendant made certain specific arguments, as will be

later described.

The court, however, found another basic deficiency in the complaint, because it included no sufficient allegations as to the terms of the alleged agreement between the parties or as to how the contract was breached. Accordingly, this court decided to hold defendant's motion in abeyance, while plaintiffs submitted an amended complaint. The second amended complaint is now before this court, which complies with the court's requests. However, the grounds urged by defendant for dismissal still need to be addressed, which is the purpose of this opinion.

As will be described, the court, in deciding this motion, is relying not only on the complaint but on materials outside the pleadings, which have been submitted on the motion. Therefore, the motion will be treated as one for summary judgment.

Defendant's motion for summary judgment is granted in part and denied in part, as will be explained.

### The Complaint

The complaint now includes the following allegations as to the nature of the agreement between Betancourt and Simplex Grinnell:

> 19. Defendant was contracted with respect to the premises to file an amendment to application number 201034335 at the Department of Buildings; provide for its engineer of record to perform post approval amendment, modify FA6 and FA7 plans to reflect temporal-3 operations, resubmit M2565 and B-45 forms/applications, provide electrical contract of record for A-433 and affidavit stating the fire system was trouble free; and provide technicians for Fire Department inspections based upon its

> knowledge of fire alarm systems and the
> Building Code of the City of New York.
>
> * * *
>
> 21. Amended drawings were to be made
> available for inspection by the New York City
> Fire Department for July 2, 2007.
>
> * * *
>
> 23. Pursuant to Defendant's contract with the
> Plaintiffs, Defendant was to conduct a full fire
> pre-test before the New York City Fire
> Department inspection referred to above.
>
> 24. Any defect found was to be corrected by the
> Defendant before the inspection by the New York
> City Fire Department as referred to above.

Betancourt has attached to the complaint as Exhibit A certain documents which it claims constituted the contract referred to in the quoted paragraphs of the complaint. Both these paragraphs and Exhibit A are extremely difficult to understand, but the court is willing to deem them sufficient to allege the terms of a contract. The meaning of the contract appears to be approximately as follows. Simplex Grinnell agreed to modify the design of a fire alarm system located at 804 East 138th Street, Bronx, New York, and to assist Betancourt in obtaining the necessary inspections and permits in connection to this system to permit tenants to move into the premises.

Betancourt contends that Simplex Grinnell breached its contractual obligations, because it "failed to perform or deliver on the aforesaid commitments." This allegation, while general, is sufficient for

pleading purposes, particularly in light of the following allegations related

to Betancourt's damages resulting from this breach:

> 26.  As a direct result of the breach of contract and inaction by the Defendant as aforesaid, the scheduled inspection was cancelled and the Department of Buildings was issued a violation by the New York City Fire Department.

> 27.  The above delayed the process of obtaining a Temporary Certificate of Occupancy from the Department of Buildings for the first floor of the building and tenants could not move into the building as planned.

> 28.    In light of the foregoing breaches of contract, and admissions by the Defendant that it had breached its contract with the Plaintiff by not performing the above-stated contractual requirements, Plaintiff retained Anthony Somefun, P.E. to take over the process of filing the amendment with the Department of Buildings and to fulfill Defendant's contract with the Plaintiff.

> 29.  Plaintiff incurred expenses from Mr. Somefun in the amount of $60,000.00 to file and obtain approval for amendment to job #201034335; the fire alarm inspection; amendment to alteration-1 job #200812834 and obtaining a Certificate of Occupancy; and in filing a special permit application with the Board of Standards and Appeals.

> \* \* \*

> 38.  That by reason of the above, the Plaintiffs have sustained consequential damages in the approximate amount of at least $184,000.00 as a result of the failure of the Defendants to properly and timely perform the work and provide materials as required by the subject contract whereby Plaintiffs' subject premises were incapable of being leased as was known by the parties herein.

There are certain other provisions of the contract between Simplex Grinnell and Betancourt that are relevant to the present motion.  First, the contract includes a choice-of-law provision stating that the "laws of Massachusetts shall govern the validity, enforceability, and interpretation of this Agreement."  Relevant to this provision are the allegations in the complaint that plaintiffs Betancourt Properties Management Corp. and Renewal Arts Realty Corp. are New York corporations with principal places of business in New York, and that defendant Simplex Grinnell is a Delaware corporation, authorized to conduct business in New York, with a principal place of business in New Jersey.

Second, the contract includes a damages clause that reads:

> IN NO EVENT SHALL COMPANY BE LIABLE FOR ANY DAMAGE, LOSS, INJURY, OR ANY OTHER CLAIM ARISING FROM ANY SERVICING, ALTERATIONS, MODIFICATIONS, CHANGES, OR MOVEMENTS OF THE COVERED SYSTEM(S) OR ANY OF ITS COMPONENT PARTS BY THE CUSTOMER OR ANY THIRD PARTY.  COMPANY SHALL NOT BE LIABLE FOR INDIRECT, INCIDENTAL OR CONSEQUENTIAL DAMAGES OF ANY KIND, INCLUDING BUT NOT LIMITED TO DAMAGES ARISING FROM THE USE, LOSS OF THE USE, PERFORMANCE, OR FAILURE OF THE COVERED SYSTEM(S) TO PERFORM.

### Matters Outside The Pleadings

In opposition to Simplex Grinnell's motion, Betancourt has submitted a letter dated July 3, 2007, from Jose Betancourt, president of Betancourt Properties Management Corp., to S. Altan Mansur, Service

Sales Account Executive of Simplex Grinnell.   The letter states that effective July 3, 2007, the service agreement with Simplex Grinnell for the fire alarm system at 804 East 138th Street, Bronx, New York, is cancelled, and states the reasons for this cancellation.   The letter summarizes the scope of work that Simplex Grinnell had agreed to perform under the contract, attached as Exhibit A, and explains how Simplex Grinnell failed to complete its obligations.

Among other things, the letter refers to two conversations between Jose Betancourt and Robert Laurie, who was an employee of Simplex Grinnell.  In the first conversation, Laurie assured Jose Betancourt that he had sent his expeditor to the Building Department to file the corrected applications and drawings, and in a subsequent conversation, Laurie told Jose Betancourt that the modified drawings were ready and all the papers, including the corrected drawings, would be submitted shortly. Laurie, however, later confessed that Simplex Grinnell had at that point not started working on the modifications and the applications were not ready to be filed.  In a subsequent conversation, Laurie apologized for the poor performance of his company and confessed that because his engineer was on vacation, he had been compelled to ask the inspector if he would accept a substitute for the proper drawings.  The letter also states that Simplex Grinnell had tried to blame the problems described above on incomplete drawings submitted by Betancourt, but Laurie later

acknowledged that Simplex Grinnell had received everything Betancourt was required to submit.

Betancourt also submitted a letter dated April 25, 2007, from Robert S. Rampino, Director of the Fire Alarm Inspection Unit, to Marisol Halperin, at the Office of the Bronx Borough President, concerning technical and administrative deficiencies that had been discovered in the fire alarm system at 804 East 138th Street, Bronx, New York. Betancourt asserts that this letter lends support to its claims of breach of contract and fraud.

## Discussion

The authorities relating to summary judgment standards and the requirements for pleading fraud are familiar and will not be restated here.

### Choice of Law

When, as here, jurisdiction is based on diversity of citizenship, a federal court sitting in New York must apply the New York choice-of-law rules. Stuart v. Am. Cyanamid Co., 158 F.3d 622, 626-27 (2d Cir. 1998). "Absent fraud or violation of public policy, a court is to apply the law selected in the contract as long as the state selected has sufficient contacts with the transaction." Hartford Fire Ins. Co. v. Orient Overseas Containers Lines, 230 F.3d 549, 556 (2d Cir. 2000) (emphasis added). Thus under New York law, the parties' contract does not automatically settle the choice-of-law question, but rather courts may "disregard the

parties' choice when the most significant contacts with the matter in dispute are in another state." Cap Gemini Ernst & Young, U.S., L.L.C. v. Nackel, 346 F.3d 360, 365 (2d Cir. 2003).

Courts are encouraged to consider "the spectrum of significant contacts" in identifying the applicable governing law in contract cases. In re Allstate Ins. Co., 81 N.Y.2d 219, 226-27, 597 N.Y.S.2d 904, 613 N.E.2d 936 (N.Y. 1993). This means courts should consider the following factors: (1) the place of contracting, negotiation and performance; (2) the location of the subject matter of the contract; and (3) the domicile of the contracting parties. Id.

As described earlier, the contract at issue here provides that Massachusetts law governs all actions brought to enforce or interpret the agreement. However, Massachusetts has absolutely no contact or connection with this case. Plaintiffs are New York corporations, with principal places of business in New York City. Simplex Grinnell is a Delaware corporation, authorized to do business in New York, with a principal place of business in New Jersey. Finally, the contract contemplated performance exclusively in New York City, because the subject matter of the contract was a fire alarm system located in New York City. Despite the choice-of-law provision in the parties' agreement, New York law should be applied in the present case.

Issues Raised By Defendant

In its motion to dismiss, Simplex Grinnell raises the following arguments. First, Betancourt's claims for consequential damages are barred by the damages clause of the contract. Second, Betancourt's complaint fails to state a sufficient claim for fraud. Third, Betancourt's negligence claim should be dismissed because it alleges only economic loss, which is not recoverable in a negligence action absent personal injury or property damage.

Consequential Damages

Simplex Grinnell in effect moves to strike plaintiffs' claim for consequential damages. Simplex Grinnell relies on the provision of the contract quoted earlier. Betancourt responds that this clause is inapplicable to its claims in this action, because the clause only covers consequential damages sustained from a defect or malfunction of the "covered system," and not damages sought in connection to the failure to even provide the "covered system."

Issues of fact remain as to the proper interpretation of the contractual provision limiting damages, and its applicability to the facts of this case. The motion to strike the claim for consequential damages is denied.

Fraud

In the complaint, Betancourt asserts that Simplex Grinnell fraudulently induced it to make unwarranted payments during the

course of the contract. There is also a brief mention of conspiracy to defraud, but the conspiracy concept is not developed in a way that bears discussion.

To state a claim of fraudulent inducement under New York law, the complaint must allege that the defendant made a representation regarding a material existing fact, which was false and known by the defendant to be false, and that the representation was made for the purpose of inducing plaintiff to rely upon it, which the plaintiff reasonably did, in ignorance of its falsity to his injury. Miller v. Holtzbrinck Publishers, LLC, No. 08 Civ. 3508, 2008 WL 4891212, at *4 (S.D.N.Y. Nov. 11, 2008).

Here, the complaint includes the following allegation in connection to Betancourt's fraud claim:

> 49. Defendant, its agents, servants and/or employees, throughout the scope of the entire project, made false, misleading and fraudulent misrepresentations to Plaintiffs by and through Jose Betancourt, his agents, servants and/or employees, stating that Defendant was performing correctly and timely to accommodate the agreement between the parties; that materials and labor had been expended to fabricate the project and/or correct defects when it was not; that Defendant knew or should have known that its representations were false, misleading and fraudulent all in an effort to obtain unwarranted payments of money from the Plaintiffs.

This allegation of fraud is amplified in the letter between Jose Betancourt and S. Altan Mansur, charging certain specific representations by Mansur, which turned out to be false.

Defendant's motion for summary judgment dismissing the fraud claim is denied.

Negligence

Betancourt alleges that Simplex Grinnell was negligent, and even potentially reckless, in performing its obligations under the contract attached as Exhibit A. Simplex Grinnell asserts that this claim should be dismissed because Betancourt is only seeking recovery for economic loss, which is barred under a theory of negligence in the absence of personal injury or property damage.

While the general rule under New York law is that economic loss is not recoverable under a theory of negligence, an exception exists where, as here, the plaintiff asserts a claim for negligent performance of contractual services. Am. Tel. & Tel. Co. v. New York City Human Res. Admin., 833 F. Supp. 962, 982-83 (S.D.N.Y. 1993). However, it is well established that a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated. Clark-Fitzpatrick, Inc. v. Long Island R.R. Co., 70 N.Y.2d 382, 389, 516 N.E.2d 190, 521 N.Y.S.2d 653 (N.Y. 1987). This legal duty must spring from circumstances extraneous to, and not constituting elements of, the

contract, although it may be connected with and dependent upon the contract. Id.

Here, Betancourt asserts that Simplex Grinnell negligently managed its business and negligently supervised its employees resulting in the defective performance or nonperformance of its responsibilities under the contract and the overall failure to complete work on the fire alarm system. This claim essentially mirrors Betancourt's contract claim, as it focuses exclusively on Simplex Grinnell's negligent performance of its contractual obligations. Betancourt does not allege that Simplex Grinnell breached any independent duty other than that emanating from the asserted contractual relationship between them. See Inter Impex S.A.E. v. Comtrade Corp., No. 00 Civ. 0133, 2004 WL 2793213, at *6 (S.D.N.Y. Dec. 6, 2004).

Defendant's motion for summary judgment dismissing the negligence claim is granted.

Anticipatory Breach

Finally, Betancourt alleges that Simplex Grinnell anticipatorily breached a service agreement between the parties related to the fire alarm system described in Exhibit A. However, such service agreement is neither described in the complaint nor attached to the complaint. This court cannot address a claim of anticipatory breach of a related service agreement without submission of this separate contract. Defendant is entitled to summary judgment dismissing the anticipatory breach claim.

## Conclusion

Defendant's motion for summary judgment is granted in part and denied in part.

Dated: New York, New York
       February 19, 2009

SO ORDERED

Thomas P. Griesa
U.S.D.J.